UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                                  Case No: 8:21-mc-131-KKM-JSS

LARISSA NAGIBINA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves for entry of final judgment of garnishment against garnishee, JP Morgan Chase Bank, N.A. (Motion, Dkt. 19). For the reasons that follow, the court recommends that the Motion be granted.

## BACKGROUND

On August 14, 2017, the United States District Court for the Western District of North Carolina entered final judgment in favor of Plaintiff and against Defendant in the amount of $2,726.35. (Dkt. 1-1.) Plaintiff registered the final judgment with this court on September 17, 2021. (Dkt. 1.) Plaintiff moved for a writ of garnishment to satisfy the outstanding judgment and believed that JP Morgan Chase Bank, N.A. has in its possession and control certain monies or property belonging to Defendant to satisfy the judgment in whole or in part. (Dkt. 3.)

On November 3, 2021, the writ of garnishment was issued to JP Morgan Chase Bank, N.A. (Dkt. 7.) On November 19, 2021, Plaintiff, pursuant to Florida Statute §

77.041 gave notice of serving the writ of garnishment with a copy of the motion for writ of garnishment, the writ of garnishment and notice to Defendant. (Dkt. 12.) On November 29, 2021, JP Morgan Chase Bank, N.A. filed its Answer to the writ of garnishment, disclosing that at the time of service of the writ, Defendant and a joint account owner, Genevieve Naguibine, had a balance of $1,360.72 across four accounts. (Dkt. 13.) On December 28, 2021, pursuant to Florida Statute § 77.055, counsel for Plaintiff gave notice of the Answer together with the statutorily required notice to Defendant and Ms. Naguibine. (Dkts. 14, 15.) Neither Defendant nor Ms. Naguibine have responded to any filing in the case, including the writ of garnishment and Answer.

Plaintiff now requests that the court enter a final judgment of $1,360.72 in its favor against JP Morgan Chase Bank, N.A. (Dkt. 19.)

## DISCUSSION

Collection of money judgments in federal court is governed by state law. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. *See Orso as Tr. to Bell v. Rovenger*, No. 5:21-mc-8-JSM-PRL, 2021 WL 5310971, at *1 (M.D. Fla. Oct. 28, 2021). Florida Statute § 77.083 provides that a judgment shall be entered against a garnishee based upon its answer or, if a reply is filed, after a trial on the reply. Any judgment must not exceed the amount unpaid on the final judgment against a defendant or the amount of the garnishee's liability to a defendant. Fla. Stat. § 77.083.

Florida law requires garnishment statutes to be strictly construed. *Gigliotti Contracting North, Inc. v. Traffic Control Products of North Florida, Inc.*, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001); *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-civ, 2009 WL 586010 (S.D. Fla. Mar. 6, 2009). When a plaintiff demonstrates that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment. *See Zhejiang Dongri Import & Exp. Co., LTD., v. Neoptx, LLC*, No. 20-cv-60114-SMITH/VALLE, 2021 WL 2480879 (S.D. Fla. June 2, 2021).

The Answer establishes the amount JP Morgan Chase Bank, N.A. held from Defendant after the writ of garnishment was served and before the Answer. (Dkt. 13.) Because Defendant has not moved to dissolve the writ of garnishment, Plaintiff requests entry of a final judgment of garnishment against JP Morgan Chase Bank, N.A. in the amount of $1,360.72. (Dkt. 19.) As noted above, neither Defendant nor any other party has responded, objected, filed a claim of exemption or moved to dissolve the writ within the 20 days allowed by § 77.055. Therefore, the court finds that Plaintiff has met the statutory requirements for a judgment of garnishment.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Final Judgment in Garnishment (Dkt. 19) be **GRANTED**.

2. Final judgment be entered in favor of Plaintiff against JP Morgan Chase Bank, N.A. in the amount of $1,360.72, pursuant to Florida Statute § 77.083.

**IT IS SO REPORTED** in Tampa, Florida, on August 3, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Kathryn Kimball Mizelle
Counsel of Record